Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

RICHARD PRESS,                           : **1:08-CV-09497-PKC**

            Plaintiff,         :

                                         **FIRST AMENDED COMPLAINT AND JURY**
        vs.                       :      **DEMAND**

CONCORD MORTGAGE CORP., GLOBAL   :       **JURY TRIAL DEMANDED**
HOME LOANS & FINANCE, INC.,
LEXCAP FUNDING CORP., SAFE HARBOR:
CAPITAL FUNDING, GLOBAL/GIRIMONTI
LLC, AND DARON GIRIMONTI,        :

            Defendants.    :

- - - - - - - - - - - - - - - x



## NATURE OF THE ACTION AND THE PARTIES

1.    This is an action against Concord Mortgage Corp.,
Global Home Loans & Finance Inc., LexCap Funding Corp., Safe
Harbor Capital Funding, Global/Girimonti LLC (individually and
collectively, "Company Defendants") and Daron Girimonti ("Mr.
Girimonti").

2.    Plaintiff's claims include, among other items, unlawful
discrimination, unlawful harassment, unlawful retaliation, and
unlawful employment practices and violation of rights, in
violation of the Age Discrimination in Employment Act of 1967, as
amended (the "ADEA"), 29 U.S.C. § 621 et seq., Americans with

Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 et seq. and the New York City Human Rights Law, (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq., and the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. § 1161 et seq.

3.    Plaintiff also has claims for:   (a) breach of contract; (b) promissory estoppel; (c) unjust enrichment; (d) quantum meruit; (e) failure to pay wages in violation of the New York State Labor Law, N.Y. Lab. L. §§ 190-199 ("Labor Law"); (f) discharge in violation of the Labor Law, N.Y. Lab. L. § 215; and (g) conversion.

4.    Plaintiff Richard Press ("Plaintiff" or "Mr. Press") is a resident of Jersey City, New Jersey.

5.    Defendant Concord Mortgage Corp. ("Concord") is an entity. Upon information and belief, Concord has a business headquarters address at 25 Melville Park Road, Suite 110, Melville, New York 11747, and has various branch office locations. From about May 2006 to April 2007, Concord maintained a branch office at 6 East 32nd Street, New York, New York. In or about April 2007, that office was relocated to 451 Park Avenue South, New York, New York.

-2-

6.    Defendant Global/Girimonti LLC ("Global/Girimonti") is or was an entity. Upon information and belief, during the relevant period, Global/Girimonti maintained an address at one or more of the following locations: (a) 200 Park Avenue South, New York, New York 10012; (b) 6 East 32nd Street, New York, New York; and/or (c) 451 Park Avenue South, New York, New York 10016.

7.    Defendant Global Home Loans & Finance Inc. ("Global") is or was an entity. Upon information and belief, during the relevant period, Global had a business address at one or more of the following locations: (a) 350 Motor Parkway, Hauppauge, New York 11788; (b) 200 Park Avenue South, New York, New York; and/or (c) 6 East 32nd Street, New York, New York.

8.    Defendant LexCap Funding Corp. ("LexCap") is an entity. Upon information and belief, LexCap has a business address at 31 Old Brook Road, Dix Hills, NY 11746 and/or 10 East 29th Street, Apt. 22 D, New York, New York 10016. Upon further information and belief, during the relevant period, LexCap also had a business address at: (a) 451 Park Avenue South, New York, New York 10016; (b) 200 Park Avenue South, New York, New York; and/or (c) 6 East 32nd Street, New York, New York.

9.    Defendant Safe Harbor Capital Funding ("Safe Harbor") is or was an entity. Upon information and belief, during the relevant period, Safe Harbor had a business address at 451 Park Avenue South, New York, New York 10016.

10.   Defendant Daron Girmonti is a person.   Upon information and belief, he has a residential and/or business address at 10 East 29th Street, Apt. 22 D, New York, New York 10016, and/or 31 Old Brook Road, Dix Hills, New York 11746.

11.   Upon information and belief, during the relevant period, Daron Girimonti was an officer or executive with Concord, and was the Branch Manager of a Concord office located in New York City.

12.   Upon information and belief, during the relevant period, Daron Girimonti was an officer, executive and/or owner of Global/Girimonti.

13.   Upon information and belief, during the relevant period, Daron Girimonti was the Branch Manager of a Global office located in New York City.

14.   Upon information and belief, Daron Girimonti is a founder of LexCap and the President and CEO of LexCap.

15.   Upon information and belief, during the relevant period, Daron Girimonti was an officer, executive and/or owner of Safe Harbor.

16.   Plaintiff seeks to hold Defendants liable under various legal doctrines, including without limitation, single employer doctrine, alter ego, respondeat superior, joint employer doctrine, agency, successor liability and/or other grounds.

-4-

## JURISDICTION AND VENUE

17. This Court has jurisdiction over Plaintiff's claims pursuant to federal law, including without limitation the ADEA, 29 U.S.C. §§ 216(b), 626(b) to (d), the ADA, 42 U.S.C. § 12101 et seq., the FMLA, 29 U.S.C. § 2617, COBRA, 29 U.S.C. § 1132, and 28 U.S.C. §§ 1331, 1343, 1367 and 2201.

18. Venue is proper in this district pursuant to federal law, including without limitation the ADEA, 29 U.S.C. §§ 216(b), 626(b) to (d), the ADA, 42 U.S.C. § 12101 et seq., the FMLA, 29 U.S.C. § 2617, COBRA, 29 U.S.C. § 1132, and 28 U.S.C. § 1391.

19. Plaintiff filed timely charges of discrimination, harassment and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

20. On or about August 8, 2008, the EEOC issued Notice Of Right To Sue letters regarding Plaintiff's EEOC Charges.

21. Plaintiff timely filed this lawsuit on November 5, 2008. Plaintiff has mailed a copy of this Complaint to the New York City Commission Of Human Rights and the New York City Corporation Counsel.

22. Plaintiff has satisfied all of the statutory prerequisites to filing this action with this Court.

23. Plaintiff seeks an award of appropriate relief.

## FACTS

24. Mr. Press is 64 years old, born on January 17, 1944. Mr. Press has one or more disabilities within the meaning of applicable law.

25. During the relevant period, Defendants were engaged generally in the business of finance, including among other items, the mortgage business and other types of funding services.

26. Mr. Press was employed by one or more Defendants in New York City during the period of approximately late 2003 through the end of April 2007, when Mr. Press was unlawfully discharged. His title was branch Chief Information Officer ("CIO") and Senior Mortgage and Financial Services Consultant.

27. When Mr. Press was initially hired, the branch office where he worked generally operated under the name Global. Mr. Press was an employee of Global.

28. Beginning in or about May or June 2006, the branch office began generally operating under the name Concord. Mr. Press became an employee of Concord. Upon information and belief, Concord assumed Global's lease, hired its employees, and acquired its accounts and assets. Upon information and belief, Concord is a legal successor to Global.

29. From time to time, Defendants paid certain compensation to Mr. Press through LexCap and/or Global/Girimonti. Upon information and belief, these are related to other Defendants.

-6-

30. At all times, Mr. Press was fully qualified for his position and performed well. Mr. Press was an integral part in successfully expanding the size of the branch offices where he worked from about 4 employees to more than 70 employees and expanding the business.

31. During Plaintiff's employment, Daron Girimonti was Plaintiff's direct supervisor. Mr. Girimonti was, among other items, the Branch Manager of the office where Mr. Press worked.

32. Mr. Girimonti had actual and apparent authority over Plaintiff and also had significant decision-making, managerial, executive and supervisory authority, including without limitation authority to make employment decisions, to hire and discharge employees and to make and/or recommend employment and personnel decisions.

33. Mr. Press has diabetes and was diagnosed with that disability in or about 1999. Mr. Press is insulin-dependent and he must receive daily injections of insulin. After Mr. Press was hired, he advised Defendants that he has diabetes.

34. In or about June 2005, Mr. Press was severely injured in an automobile accident. Mr. Press suffered, among other items, broken left ribs, broken left shoulder blade, broken left shinbone, broken left foot, crushed right wrist, broken right hand, and internal trauma. Plaintiff has a titanium rod and screws inside his body from about his left knee cap to his left

-7-

ankle, and required surgeries. As a result of the automobile accident, Mr. Press also suffers from Post Traumatic Stress Disorder ("PTSD") and physical disabilities relating to various injuries to his body.

35. Mr. Press advised Defendants of the automobile accident and injuries/disabilities suffered as a result of same. In addition, Mr. Press went on a medical leave of absence.

36. During Plaintiff's medical leave, Mr. Girimonti called Mr. Press and demanded that Mr. Press return to work.

37. Mr. Press returned to work and, after he did so, Defendants discriminated against him because of his disabilities and his age. Examples are set forth below.

38. Plaintiff requested but was denied a reasonable accommodation for his disabilities. Mr. Press requested help with certain physical tasks that were very difficult for him to perform due to his disabilities. Mr. Girimonti denied the requests and abused and demeaned Plaintiff for making same.

39. From 2005 through 2007, Mr. Girimonti and others repeatedly verbally abused Mr. Press with statements, including without limitation, "pill head," "old man," "gramps," "grandpa," "fat old fuck," and "maybe you are too old to work."

40. Mr. Girimonti hired younger and non-disabled employees, in positions below Plaintiff's position, and paid them higher

-8-

salaries because they are younger and not disabled. An example
of this is the receptionist.

41. Defendants failed and refused to pay Plaintiff wages
and other monies due and owing to him. Plaintiff complained to
Mr. Girimonti about the unlawful failure to pay same to him.

42. Mr. Press opposed, objected to and complained to
Defendants about the unlawful conduct. Plaintiff complained to,
among others: (1) Mr. Girimonti, (2) Jay Gold, whom Plaintiff
believed was Mr. Girimonti's supervisor and (3) John Faracco
(CEO, Global Home Loans & Finance, Inc.). Plaintiff made it
absolutely clear that the unlawful conduct was unwelcome,
offensive, discriminatory and harassing.                   ,.

43. Defendants failed and refused to investigate the matter
and take any remedial action, the unlawful conduct continued and
escalated, and Defendants unlawfully retaliated against Mr. Press
and unlawfully fired him.

44. In or about early April 2007, Mr. Girimonti hired
Michael Le, who was much younger than Plaintiff and not disabled.
Mr. Girimonti told Mr. Press to train Mr. Le and he did so. The
Company paid Mr. Le a higher salary than Mr. Press received.

45. During the last weekend in April 2007, Defendants moved
the branch office where Plaintiff worked, from 6 East 32nd Street
to 451 Park Avenue South. On the Saturday of that weekend, Mr.
Press worked numerous hours to facilitate the office move.

46.  On that day, Mr. Girimonti physically threatened Mr. Press, including threatening to punch Mr. Press in the face and throw him out a window.  Following those threats, Mr. Girimonti unlawfully discharged Mr. Press, telling him to "get the fuck out" and "I never want to see your fucking face again."  Upon information and belief, Defendants replaced Mr. Press with a younger non-disabled employee.

47.  Defendants unlawfully failed to pay Mr. Press certain wages and benefits due and owing to him.

48.  Defendants unlawfully failed to issue a COBRA notice to Mr. Press and failed to provide Mr. Press with continuing health insurance coverage.  Mr. Press never received a COBRA notice.

49.  Defendants unlawfully failed to return to Plaintiff various personal property and equipment, including, among other items, a laptop computer and related materials, personal documents, writing instruments, photographs and eyeglasses.

50.  After Defendants unlawfully discharged Plaintiff's employment, and for a period of time, Mr. Girimonti continued to operate the branch office where Plaintiff worked under the name of Concord.

51.  Upon information and belief, in 2007 or 2008, Mr. Girimonti began operating the branch office where Plaintiff worked under the name Safe Harbor.  Upon information and belief, Safe Harbor is a legal successor to that branch office.

52.  As noted above, Plaintiff filed charges of discrimination and retaliation with EEOC ("EEOC Charges").

53.  Concord, by its counsel, filed a position statement with EEOC in response to Plaintiff's EEOC Charges.

54.  Daron Girimonti filed a position statement with EEOC, bearing his signature, in response to Plaintiff's EEOC Charges.

55.  Defendants unlawfully discriminated against Plaintiff regarding compensation, terms, conditions and privileges of employment, and employment opportunities, unlawfully harassed him, and unlawfully discharged him, and unlawfully retaliated against him, because of his age, disabilities, serious health conditions, and because he opposed, objected to and complained of discrimination and exercised various protected statutory rights ("protected activities").

56.  The discrimination, harassment and retaliation included, among other items, verbal harassment, denial of equal terms, conditions and privileges of employment, and employment opportunities, abusive and demeaning treatment, and threats of physical harm.  The  unlawful conduct culminated with unlawful discharge.

57.  The discrimination and harassment was ongoing, unwelcome, offensive, severe and pervasive, adversely affected the terms, conditions and privileges of Plaintiff's employment,

-11-

resulted in adverse tangible employment actions, and created a hostile, offensive and abusive work environment.

58.  Tolerance of unlawful discrimination and harassment was a term and condition of Plaintiff's employment, and he suffered adverse tangible employment actions because he refused to acquiesce to that conduct and protested such conduct.

59.  Accordingly, Plaintiff has also been the victim of "quid pro quo" harassment.

60.  Defendants' conduct constituted unlawful discrimination, harassment and retaliation.  Defendants' proffered reason for the conduct was a pretext for unlawful discrimination and unlawful retaliation.

61.  Defendants' unlawful conduct was intentional and was carried out with malice or reckless indifference to Plaintiff's protected rights to be free from unlawful discrimination, harassment and retaliation.

62.  Defendants knew or should have known of the unlawful discrimination, harassment and retaliation against Plaintiff.

63.  Defendants authorized unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiff and the employees who engaged in such unlawful conduct were unfit and Defendants were reckless and/or negligent in employing them.

64.   Defendants failed to exercise reasonable care to prevent and correct unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiff.

65.   Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled, supported, ratified, approved, condoned and/or coerced the unlawful conduct alleged herein.

66.   As a result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, among other items, substantial damages, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

67.   Defendants engaged in a continuing violation of law.

68.   Plaintiff is entitled to the relief sought herein.

### COUNT ONE

### ADEA

69.   Plaintiff repeats and realleges every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as though fully set forth herein.

70.   At all relevant times, one or more Company Defendants was an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

-13-

71. At all relevant times, Plaintiff was a "person" within the meaning of the ADEA, 29 U.S.C. § 630(a).

72. Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of age, in violation of the ADEA. See, e.g., 29 U.S.C. §§ 623, 623(a).

73. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the ADEA. See, e.g., 29 U.S.C. §§ 623, 623(d).

74. Defendants' unlawful conduct, as alleged herein, was willful within the meaning of the ADEA. See, e.g., 29 U.S.C. §§ 626, 626(b).

75. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continue to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages and bonuses; (ii) lost back pay; (iii) lost front pay; (iv) lost benefits; (v) lost interest; (vi) lost pension and retirement earnings; and (vii) attorneys' fees and costs. Plaintiff is entitled to reinstatement and to recover such monetary and other damages, liquidated damages, interest, and attorneys' fees and costs, from Company Defendants, under the ADEA.

### COUNT TWO

## (Americans With Disabilities Act)

76.  Plaintiff repeats and realleges every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as though fully set forth herein.

77.  This Count is brought under the ADA, 42 U.S.C. § 12101 et seq. and reference is made to the ADA in its entirety, and to 42 U.S.C. §§ 12102, 12111, 12112, 12117 and to 42 U.S.C. 2000e-5.

78.  At all relevant times, Plaintiff was an employee and person within the meaning of the ADA.

79.  At all relevant times, one or more Company Defendants was and is an employer within the meaning of the ADA.

80.  Under the ADA, the term disability means, with respect to an individual: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.

81.  At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA, because: (1) he has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) he has a record of such an impairment; and/or (3) he is regarded as having such an impairment.  See, e.g., 42 U.S.C. § 12102(2).

-15-

82.   Defendants committed unlawful employment practices and discriminated against Plaintiff because of a disability, regarding compensation, terms, conditions and privileges of employment, and employment opportunities, and unlawfully discharged him because of a disability.   Defendants unlawfully retaliated against Plaintiff and unlawfully discharged him for engaging in protected activity, in violation of the ADA.

83.   Defendants unlawfully discharged Plaintiff in violation of the ADA.

84.   Defendants' conduct, as alleged herein, constituted unlawful employment practices, unlawful discrimination on the basis of a disability, and unlawful retaliation, in violation of the ADA.

85.   Defendants' unlawful conduct was intentional and was carried out with malice or reckless indifference to Plaintiff's protected rights to be free from unlawful discrimination, harassment and retaliation.

86.   As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages and bonuses; (ii) lost back pay; (iii) lost front pay; (iv) lost benefits; (v) lost interest; (vi) lost pension and retirement earnings; and (vii) attorneys' fees and costs.   Plaintiff is entitled to reinstatement and to recover

monetary and other damages, punitive damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs, from Company Defendants, under the ADA.

87.  As a result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, among other items, lasting and irreparable injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation.  Plaintiff is entitled to recover damages for such injuries from Company Defendants.

**COUNT THREE**

**(FMLA)**

88.  Plaintiff repeats and realleges every allegation in paragraphs 1 through 87 of this Complaint with the same force and effect as though fully set forth herein.

89.  This Count is brought under the FMLA, 29 U.S.C. § 2601 et seq. and reference is made to the FMLA in its entirety and to 29 U.S.C. §§ 2611, 2612, 2614, 2615, and 2617.

90.  At all relevant times, Plaintiff was an eligible employee and Plaintiff was and is a person within the meaning of the FMLA.

91.  During the relevant period, one or more Company Defendants was and is an employer within the meaning of the FMLA. Mr. Girimonti was and is an employer within the meaning of the

-17-

FMLA, which defines the term employer to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."

92. At all relevant times, Plaintiff was qualified for his position with Defendants.

93. Plaintiff has a serious health condition within the meaning of the FMLA.

94. Plaintiff was entitled to FMLA leave to care for his serious health condition and attempted to exercise his FMLA rights, and was entitled to use FMLA leave.

95. Under the FMLA, Plaintiff was entitled to utilize his FMLA leave without any adverse employment action or adverse changes to the terms and conditions of his employment.

96. Defendants unlawfully discharged Plaintiff because he exercised his FMLA rights and Defendants unlawfully discharged Plaintiff in violation of the FMLA.

97. Defendants unlawfully interfered with, restrained and/or denied Plaintiff the exercise of his rights or the attempt to exercise his rights under the FMLA, in violation of the FMLA.

98. Defendants unlawfully discriminated against and unlawfully discharged Plaintiff for exercising his rights or attempting to exercise his rights under the FMLA and/or for opposing practices made unlawful by the FMLA, in violation of the FMLA.

-18-

99.    Defendants' proffered reasons for the challenged conduct are a pretext for unlawful employment practices, unlawful discrimination and unlawful retaliation, in violation of the FMLA.

100. Defendants' unlawful employment practices, unlawful discrimination and unlawful retaliation violated the FMLA.

101. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages and bonuses; (ii) lost back pay; (iii) lost front pay; (iv) lost benefits; (v) lost interest; (vi) lost pension and retirement earnings; and (vii) attorneys' fees and costs.  Plaintiff is entitled to reinstatement and to recover monetary and other damages, liquidated damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs, from Defendants, under the FMLA.

## COUNT FOUR

### (NYSHRL)

102. Plaintiff repeats and realleges every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as though fully set forth herein.

103. This Count is brought under the NYSHRL, N.Y. Exec. L. § 290 et seq. and reference is made to the NYSHRL in its entirety and to N.Y. Exec. L. §§ 292(1), 292(5), 292(6), 292(21), 292(21-

e), 296, 296(1)(a), 296(1)(e), 296(3), 296(3)(a), 296(3-a)(c), 296(6), 296(7), and 297(9).

104. At all relevant times, one or more Company Defendants and Mr. Girimonti was and is an employer and a person within the meaning of the NYSHRL. Also, Mr. Girimonti was and is an employee and agent within the meaning of the NYSHRL.

105. At all relevant times, Plaintiff was an employee and a person within the meaning of the NYSHRL.

106. At all relevant times, Plaintiff had a disability within the meaning of the NYSHRL, because, among other items: (1) he has a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques; (2) he has a record of such an impairment; and/or (3) he was and is perceived or regarded as having such an impairment.

107. Plaintiff was able to perform the functions of his job with or without a reasonable accommodation, as that term is defined under the NYSHRL.

108. Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination and unlawful harassment on the basis of disability and age, as defined by the NYSHRL, in violation of the NYSHRL.

-20-

109. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYSHRL.

110. At all relevant times, Mr. Girimonti had decision-making power at Company Defendants, had power to make personnel decisions, supervised and controlled terms and conditions of employment, and had power to do more than simply carry out personnel decisions made by others at each Company Defendant.

111. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYSHRL.

112. Defendants are liable for the unlawful conduct. Mr. Girimonti is individually and personally liable for his unlawful conduct both as an "employer" under NYSHRL § 296(1) and under the "aiding and abetting" provision of NYSHRL § 296(6).

113. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages and bonuses; (ii) lost back pay; (iii) lost front pay; (iv) lost benefits; (v) lost interest; (vi) lost pension and retirement earnings; and (vii) attorneys' fees and costs.

114. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other

-21-

items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

115. Plaintiff is entitled to reinstatement and to recover monetary damages and other damages and relief from Defendants under the NYSHRL.

## COUNT FIVE

### (NYCHRL)

116. Plaintiff repeats and realleges every allegation in paragraphs 1 through 115 of this Complaint with the same force and effect as though fully set forth herein.

117. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq. and reference is made to the NYCHRL in its entirety and to N.Y.C. Admin. Code §§ 8-102(1), 8-102(5), 8-102(16), 8-102(17), 8-102(18), 8-107, 8-107(1), 8-107(1)(a), 8-107(6), 8-107(7), 8-107(15), and 8-502.

118. At all relevant times herein, one or more Company Defendants and Mr. Girimonti was and is an employer and a covered entity within the meaning of the NYCHRL.

119. At all relevant times herein, Plaintiff, Mr. Girimonti and each Company Defendant was and is a person within the meaning of the NYCHRL. Also, Mr. Girimonti was and is an employee and agent within the meaning of the NYCHRL.

120. At all relevant times, Plaintiff had a disability within the meaning of the NYCHRL, because, among other items: (1) he has a physical, medical, mental or psychological impairment, as that term is defined under the NYCHRL; (2) he has a history or record of such an impairment; and/or (3) he was and is perceived or regarded as having such an impairment.

121. Plaintiff was able to perform the functions of his job with or without a reasonable accommodation, as that term is defined under the NYCHRL.

122. Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices, unlawful discrimination and unlawful harassment on the basis of disability and age, as defined by the NYCHRL, in violation of the NYCHRL.

123. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYCHRL.

124. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and harassment, and retaliation.

125. At all relevant times, Mr. Girimonti had decision-making power at Company Defendants, had power to make personnel decisions, supervised and controlled terms and conditions of employment, and had power to do more than simply carry out personnel decisions made by others.

-23-

126. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

127. Defendants are liable for the unlawful conduct. Mr. Girimonti is individually and personally liable for his unlawful conduct both as an "employer" under NYCHRL § 8-107(1) and under the "aiding and abetting" provision of NYCHRL § 8-107(6).

128. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages and bonuses; (ii) lost back pay; (iii) lost front pay; (iv) lost benefits; (v) lost interest; (vi) lost pension and retirement earnings; and (vii) attorneys' fees and costs.

129. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

130. Plaintiff is entitled to reinstatement and to recover monetary damages and other damages and relief, punitive damages,

interest, and attorneys' fees and costs from Defendants under the
NYCHRL.

## COUNT SIX

### (Breach of Contract)

131. Plaintiff repeats and realleges every allegation in
paragraphs 1 through 130 of this Complaint with the same force
and effect as though fully set forth herein.

132. Plaintiff had a valid, binding, and enforceable
agreement with Defendants regarding wages and benefits
("Agreement").

133. Under the terms of the Agreement, Plaintiff and
Defendants agreed, among other items, that Defendants would pay
to Plaintiff certain wages and benefits (collectively, "wages").

134. On or about October 29, 2006, Mr. Girimonti provided
Plaintiff with a letter ("2006 Letter"), signed by Mr. Girimonti,
stating in part:

> Richard Press has been employed as the Branch CIO
> and a Senior Mortgage and Financial Services
> Consultant by us for approximately three years and
> has performed with excellence throughout.
>
> He earns an average of $130,000.00....

135. Defendants unlawfully failed and refused to pay
Plaintiff wages and other monies due and owing to him, including
without limitation the amount stated in the 2006 Letter, in
violation of Defendants' contractual and legal obligations to
Plaintiff.

-25-

136. Defendants' actions are unlawful and caused Plaintiff to incur substantial damages and other losses.

137. Plaintiff has a contractual and statutory right to receive the wages and other monies described herein and Defendants were contractually and statutorily obligated to pay Plaintiff.

138. As a result of Defendants' unlawful conduct, Plaintiff has suffered, among other items, damages representing unpaid wages and other monies due and owing to him, as well as lost interest and other damages.

139. There is a sum accrued, due and owing by Defendants to Plaintiff as and for unpaid wages and other monies, which amount has never been paid by Defendants to Plaintiff.

140. Defendants have breached their contractual and statutory obligations to Plaintiff.

141. Defendants have willfully and unlawfully failed to pay Plaintiff wages and other monies due and owing to him and have failed to pay Plaintiff same, when same were due and owing to him.

142. Defendants have engaged in unlawful conduct in violation of Plaintiff's protected legal rights and to the detriment of Plaintiff.

143. Defendants' unlawful conduct was motivated by actual malice, was intentional, willful and reckless, and was carried

-26-

out by said Defendants with willful, callous, wanton and reckless disregard of Plaintiff's rights.

144. At all times, Plaintiff was qualified for his position with Defendants, performed well and fully performed any contractual or other legal obligations, if any, to Defendants.

145. Defendants have breached their contractual obligations to Plaintiff by, among other items, failing to pay Plaintiff wages and other monies due and owing to him.

146. Plaintiff has been damaged by Defendants' unlawful conduct.

147. Defendants' conduct, as alleged herein, constituted a breach of Defendants' contractual obligations to Plaintiff, and a breach of contract.

148. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

### COUNT SEVEN

#### (Promissory Estoppel)

149. Plaintiff repeats and realleges every allegation in paragraphs 1 through 148 of this Complaint with the same force and effect as though fully set forth herein.

150. Defendants' promise to pay wages and other monies to Plaintiff was a clear and unambiguous promise by Defendants to

-27-

Plaintiff, the terms of which promise unequivocally constituted a material term of Plaintiff's employment with Defendants.

151. Plaintiff justifiably relied upon Defendants' promise in accepting and continuing his employment with Defendants and in declining to pursue other employment opportunities.

152. Plaintiff acted to his detriment in doing so, in reliance upon the promise made to him by Defendants.

153. Plaintiff's reliance was reasonable and foreseeable reliance upon the promise made to him by Defendants.

154. As a result of such reliance, Plaintiff suffered an unconscionable injury by accepting and continuing his employment with Defendants, and declining to pursue other employment opportunities.

155. As a result of such reliance, Plaintiff changed his position to his detriment, by accepting and continuing his employment with Defendants, and declining to pursue other employment opportunities.

156. As a direct and proximate cause of the broken promise by Defendants to Plaintiff, and Plaintiff's justifiable reliance thereon, Defendants have caused Plaintiff to suffer damages.

157. Plaintiff has been damaged by Defendants' unlawful conduct.

158. Defendants' conduct, as alleged herein, constituted a breach of Defendants' obligations to Plaintiff based upon promissory estoppel.

159. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

### COUNT EIGHT

#### (Unjust Enrichment)

160. Plaintiff repeats and realleges every allegation in paragraphs 1 through 159 of this Complaint with the same force and effect as though fully set forth herein.

161. Defendants have been unjustly enriched at Plaintiff's expense by, among other items, failing to pay Plaintiff wages and other wages and monies for services rendered by Plaintiff to Defendants.

162. Defendants have been unjustly enriched at Plaintiff's expense.

163. The circumstances are such that equity and good conscience require Defendants to make full restitution to Plaintiff.

164. Plaintiff has been damaged by Defendants' unlawful conduct.

165. Defendants' conduct, as alleged herein, constituted unjust enrichment.

166. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

## COUNT NINE

### (Quantum Meruit)

167. Plaintiff repeats and realleges every allegation in paragraphs 1 through 166 of this Complaint with the same force and effect as though fully set forth herein.

168. Plaintiff performed services for Defendants in good faith.

169. Defendants accepted Plaintiff's performance of services.

170. Plaintiff expected to be compensated for the services he performed for Defendants.

171. Defendants have failed to pay Plaintiff for the reasonable value of the services that Plaintiff performed for Defendants.

172. Defendants have failed to pay Plaintiff wages and other monies.

173. Plaintiff has been damaged by Defendants' unlawful conduct.

174. Defendants' conduct, as alleged herein, constituted quantum meruit.

175. Plaintiff is entitled to an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

## COUNT TEN

### (New York State Labor Law §§ 190-199, 215)

176. Plaintiff repeats and realleges every allegation in paragraphs 1 through 175 of this Complaint with the same force and effect as though fully set forth herein.

177. Plaintiff was an "employee" of Defendants within the meaning of the New York State Labor Law ("Labor Law") §§ 190-199, see, e.g., N.Y. Lab. L. § 190.

178. Each Company Defendant is an "employer" within the meaning of Labor Law §§ 190-199, was and is legally required to comply with Labor Law §§ 190-199, and was Plaintiff's employer, see, e.g., N.Y. Lab. L. § 190(3).

179. Plaintiff's unpaid wages and other monies, as alleged herein, are "wages" within the meaning of the Labor Law, see, e.g., N.Y. Lab. L. §§ 190(1), 198-c(2).

180. Defendants failed to pay Plaintiff wages, in violation of the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198.

-31-

181. Defendants violated the substantive provisions of the Labor Law, including without limitation Sections 191 and 198 of the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198.

182. Plaintiff has been damaged by Defendants' unlawful conduct.

183. Defendants' conduct, as alleged herein, constituted unlawful failure to pay wages under the Labor Law.

184. Defendants' unlawful conduct and failure to pay Plaintiff wages, as alleged herein, was willful within the meaning of the Labor Law and in reckless disregard of the requirements imposed by the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1-a).

185. As a direct result of Defendants' unlawful conduct, including without limitation Defendants' violation of the Labor Law and failure to pay Plaintiff wages, Plaintiff has suffered substantial monetary damages, including without limitation damages for unpaid wages, lost interest, and attorneys' fees and costs.

186. As a direct result of Defendants' unlawful conduct, including without limitation Defendants' violation of the Labor Law and failure to pay Plaintiff wages, Plaintiff is entitled to recover damages from Defendants under the Labor Law, including without limitation damages for unpaid wages, lost interest, and attorneys' fees and costs, see, e.g., N.Y. Lab. L. §§ 191, 198.

187. Because Defendants' violation of the Labor Law was willful, Plaintiff is entitled to recover liquidated damages from Defendants in an amount equal to twenty-five percent (25%) of Plaintiff's unpaid wages, under the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1-a).

188. By reason of the foregoing, Plaintiff has been damaged, and is entitled to a judgment against Defendants, in an amount to be determined at trial, together with interest thereon, to compensate Plaintiff for Defendants' violation of the Labor Law and failure to pay Plaintiff wages, see, e.g., N.Y. Lab. L. §§ 191, 198.

189. Plaintiff is further entitled to an award of liquidated damages in an amount equal to twenty-five percent (25%) of his unpaid wages, in an amount to be determined at trial, as well as recovery of his attorneys' fees and costs, and an award of $50, as against Defendants, see, e.g., N.Y. Lab. L. §§ 191, 198(1), 198(1-a).

190. Defendants unlawfully discriminated against, retaliated against and discharged Plaintiff in violation of Labor Law § 215.

## COUNT ELEVEN

### COBRA

191. Plaintiff repeats and realleges every allegation in paragraphs 1 through 190 of this Complaint with the same force and effect as though fully set forth herein.

192. Defendants never provided for the issuance of nor issued a COBRA notice to Mr. Press and failed to provide Mr. Press with continuing health insurance coverage in violation of COBRA. Mr. Press never received a COBRA notice from Defendants.

193. Mr. Press is entitled to recover, among other items, statutory damages and penalties, all other recoverable damages, attorneys' fees and costs, and injunctive relief directing Defendants to provide Plaintiff with a COBRA notice and benefits.

## COUNT TWELVE

## CONVERSION

194. Plaintiff repeats and realleges every allegation in paragraphs 1 through 193 of this Complaint with the same force and effect as though fully set forth herein.

195. Defendants have intentionally, wrongfully and without authorization taken, removed, exercised dominion or right of ownership over, interfered with, retained and converted to Defendants' own use and benefit Plaintiff's property, to the exclusion of Plaintiff's rights, in defiance of his rights, and to the detriment of Plaintiff.

196. Defendants had no right, title or interest to Plaintiff's property, as described above, or to any part thereof.

197. Plaintiff has been damaged by Defendants' unlawful conduct.

-34-

198. Defendants' conduct, as alleged herein, constituted unlawful conversion.

199. Plaintiff is entitled to possession of his property and an award of damages and lost interest and other relief from Defendants, including without limitation damages caused by Defendants' unlawful conduct, in an amount to be determined.

200. Plaintiff is further entitled to an award of compensatory damages against Defendants for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in an amount to be determined.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment as follows:

(A)  On Count One, enter a judgment declaring the acts and practices of Defendants to be in violation of the ADEA;

(B)  On Count One, award Plaintiff as against Company Defendants reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, 401(k), pension and retirement earnings, the value of vacation, personal and sick days, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

-35-

(C)  On Count One, award Plaintiff as against Company
Defendants consequential damages for losses resulting from
Defendants' unlawful discrimination, unlawful harassment and
unlawful retaliation;

(D)  On Count One, award Plaintiff as against Company
Defendants liquidated damages;

(E)  On Count One, award Plaintiff as against Company
Defendants the costs of this action and disbursements, together
with attorneys' fees;

(F)  On Count Two, enter a judgment declaring the acts and
practices of Defendants to be in violation of ADA;

(G) On Count Two, award Plaintiff as against Company
Defendants reinstatement and the amount of wages, including
without limitation back pay, front pay, bonuses, benefits,
401(k), pension and retirement earnings, the value of vacation,
personal and sick days, and interest lost as a result of
Defendants' unlawful discrimination, unlawful harassment and
unlawful retaliation;

(H)  On Count Two, award Plaintiff as against Company
Defendants consequential damages for losses resulting from
Defendants' acts of discrimination, retaliation and reprisals;

(I)  On Count Two, award Plaintiff as against Company
Defendants compensatory damages for emotional distress,

-36-

suffering, humiliation and damage to Plaintiff's reputation and
career;

(J)   On Count Two, award Plaintiff as against Company
Defendants punitive damages;

(K)   On Count Two, award Plaintiff as against Company
Defendants the costs of this action and disbursements, together
with attorneys' fees;

(L)   On Count Three, enter a judgment declaring the acts and
practices of Defendants to be in violation of the FMLA;

(M) On Count Three, award Plaintiff as against Defendants
reinstatement and the amount of wages, including without
limitation back pay, front pay, bonuses, benefits, 401(k),
pension and retirement earnings, the value of vacation, personal
and sick days, and interest lost as a result of Defendants'
unlawful discrimination, unlawful harassment and unlawful
retaliation;

(N)   On Count Three, award Plaintiff as against Defendants
liquidated damages;

(O)   On Count Three, award Plaintiff as against Defendants
the costs of this action and disbursements, together with
attorneys' fees;

(P)   On Count Four, enter a judgment declaring the acts and
practices of Defendants to be in violation of the NYSHRL;

(Q) On Count Four, award Plaintiff as against Defendants
reinstatement and the amount of wages, including without
limitation back pay, front pay, bonuses, benefits, 401(k),
pension and retirement earnings, the value of vacation, personal
and sick days, and interest lost as a result of Defendants'
unlawful discrimination, unlawful harassment and unlawful
retaliation;

(R)  On Count Four, award Plaintiff consequential damages
for losses resulting from Defendants' unlawful discrimination,
unlawful harassment and unlawful retaliation;

(S)  On Count Four, award Plaintiff compensatory damages
for, among other items, injury, impairment and damage to his good
name and reputation, emotional distress, mental anguish,
emotional pain, suffering, inconvenience, loss of enjoyment of
life, lasting embarrassment and humiliation, and other pecuniary
and nonpecuniary losses;

(T)  On Count Five, enter a judgment declaring the acts and
practices of Defendants to be in violation of the NYCHRL;

(U) On Count Five, award Plaintiff as against Defendants
reinstatement and the amount of wages, including without
limitation back pay, front pay, bonuses, benefits, 401(k),
pension and retirement earnings, the value of vacation, personal
and sick days, and interest lost as a result of Defendants'

-38-

unlawful discrimination, unlawful harassment and unlawful
retaliation;

(V)  On Count Five, award Plaintiff consequential damages
for losses resulting from Defendants' unlawful discrimination,
unlawful harassment and unlawful retaliation;

(W)  On Count Five, award Plaintiff compensatory damages
for, among other items, injury, impairment and damage to his good
name and reputation, emotional distress, mental anguish,
emotional pain, suffering, inconvenience, loss of enjoyment of
life, lasting embarrassment and humiliation, and other pecuniary
and nonpecuniary losses;

(X)  On Count Five, award Plaintiff punitive damages;

(Y)  On Count Five, award Plaintiff the costs of this action
and disbursements, together with attorneys' fees;

(Z)  On Count Six, award Plaintiff as against Defendants
damages to compensate Plaintiff for Defendants' breach of
contract;

(AA) On Count Six, award Plaintiff as against Defendants
damages to compensate Plaintiff for additional damages arising
out of and/or flowing from Defendants' unlawful conduct;

(BB) On Count Six, award Plaintiff as against Defendants
lost interest at the applicable rate provided by the C.P.L.R.;

-39-

(CC) On Count Seven, award Plaintiff as against Defendants damages to compensate Plaintiff for Defendants' breach of contract based upon promissory estoppel;

(DD) On Count Seven, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(EE) On Count Seven, award Plaintiff as against Defendants lost interest at the applicable rate provided by the C.P.L.R.;

(FF) On Count Eight, award Plaintiff as against Defendants damages to compensate Plaintiff for Defendants' unjust enrichment;

(GG) On Count Eight, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(HH) On Count Eight, award Plaintiff as against Defendants lost interest at the applicable rate provided by the C.P.L.R.;

(II) On Count Nine, award Plaintiff as against Defendants damages to compensate Plaintiff in quantum meruit and for Defendants' unlawful conduct;

(JJ) On Count Nine, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(KK) On Count Nine, award Plaintiff as against Defendants lost interest at the applicable rate provided by the C.P.L.R.;

-40-

(LL) On Count Ten, award Plaintiff as against Defendants the amount of unpaid wages due and owing to Plaintiff, in accordance with the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198;

(MM) On Count Ten, award Plaintiff as against Defendants liquidated damages in an amount equal to twenty-five percent (25%) of the award for unpaid wages, in accordance with the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1-a);

(NN) On Count Ten, award Plaintiff as against Defendants lost interest at the applicable rate provided by the C.P.L.R.;

(OO) On Count Ten, award Plaintiff as against Defendants the costs of this action and disbursements, together with attorneys' fees, in accordance with the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1-a);

(PP) On Count Ten, award Plaintiff as against Defendants the amount of $50, in accordance with the Labor Law, see, e.g., N.Y. Lab. L. §§ 191, 198(1);

(QQ) On Count Ten, award Plaintiff all additional damages, monies and other relief provided under Labor Law § 215, including without limitation reinstatement with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees, and any other damages and relief provided thereunder;

(RR) On Count Eleven, award Plaintiff statutory damages and penalties, all other recoverable damages, the costs of this action and disbursements, together with attorneys' fees, and

injunctive relief directing Defendants to provide Plaintiff with a COBRA notice and benefits, in accordance with COBRA, see, e.g., 29 U.S.C. §§ 1132, 1161-69;

(SS) On Count Twelve, award Plaintiff as against Defendants damages to compensate Plaintiff for Defendants' unlawful conversion;

(TT) On Count Twelve, award Plaintiff as against Defendants damages to compensate Plaintiff for additional damages arising out of and/or flowing from Defendants' unlawful conduct;

(UU) On Count Twelve, award Plaintiff as against Defendants damages to compensate Plaintiff for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(VV) On Count Twelve, award Plaintiff as against Defendants lost interest at the applicable rate provided by the C.P.L.R.;

(WW) Award Plaintiff punitive and exemplary damages;

(XX) Award Plaintiff the costs of this action and disbursements, together with attorneys' fees; and

(YY) Grant Plaintiff such other and further relief as may be necessary and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable.

Dated:    December 5, 2008
          New York, New York

                              GOLDBERG & FLIEGEL LLP

                        By:   *Kenneth A. Goldberg*

                              Kenneth A. Goldberg(KG0295)
                              Goldberg & Fliegel LLP
                              60 East 42nd Street, Suite 3421
                              New York, NY 10165
                              (212) 983-1077
                              Attorneys for Plaintiff

-43-