Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

RICHARD PRESS,                           :      **1:08-CV-09497-KTD**

                        Plaintiff,       :

                vs.                      :      **AFFIDAVIT OF PLAINTIFF RICHARD
                                                PRESS IN SUPPORT OF PLAINTIFF'S
                                                APPLICATION FOR DEFAULT JUDGMENT**
CONCORD MORTGAGE CORP., GLOBAL           :      **AGAINST DEFENDANT GIRIMONTI**
HOME LOANS & FINANCE, INC.,
LEXCAP FUNDING CORP., SAFE HARBOR:
CAPITAL FUNDING, GLOBAL/GIRIMONTI
LLC, AND DARON GIRIMONTI,                :

                        Defendants.      :

- - - - - - - - - - - - - - - - x


STATE OF NEW YORK          )
                           :  ss.:
COUNTY OF NEW YORK         )

     Richard Press, being duly sworn, deposes and says:

     1.   I am the Plaintiff in this matter.  I make this

Affidavit in support of Plaintiff's motion for default judgment

against Defendant Girimonti.  Defendants are individually and

collectively referred to herein as "Defendants."  Defendant Daron

Girimonti is referred to as "Defendant Girimonti."

     2.   I incorporate the allegations of the Complaint

("Compl.") herein by reference.

3.   In connection with my employment with Defendants, Defendants agreed to pay me wages of $130,000 per year.

4.   On or about October 29, 2006, Defendant Daron Girimonti issued a signed letter on Concord letterhead ("2006 Letter"), a copy of which is attached hereto as Exhibit A, stating in part:

> Richard Press has been employed as the Branch CIO and a Senior Mortgage and Financial Services Consultant by us for approximately three years and has performed with excellence throughout.
> He earns an average of $130,000.00....

5.   Defendants unlawfully failed to pay me such wages.

6.   In 2004, Defendants paid me approximately $24,500. Accordingly, for 2004, I suffered damages for lost wages of approximately $105,500.

7.   In 2005, Defendants paid me approximately $30,516. Accordingly, for 2005, I suffered damages for lost wages of approximately $99,484.

8.   In 2006, Defendants paid me approximately $21,350. Accordingly, for 2006, I suffered damages for lost wages of approximately $108,650.

9.   In 2007, Defendants paid me approximately $8,000 through the end of April 2007.  Accordingly, for the period January-April 2007, I suffered damages for lost wages of approximately $35,333.33.

-2-

10.  Accordingly, as part of the Default Judgment, I seek
the amount of $348,967.33 representing lost wages through the end
of April 2007, when my employment was unlawfully terminated.

11.  I have suffered additional damages in the form of lost
wages subsequent to the termination of my employment in 2007.

12.  Since the date of my termination, I have made a
reasonable effort to mitigate my damages and find other
employment, but have been unsuccessful.  My efforts are as
summarized herein.  I began my job search by updating my resume
and reaching out to various contacts that I had to seek referrals
to employment opportunities.  I responded to numerous job
advertisements by phone and email.  I utilized career acquisition
internet sites such as Monster.com, Careerbuilder.com,
TheLadders.com, and many other career search engines to search
for employment opportunities.  I tried contacts at
Verizonwireless, verizon.com, Comcast, PSE&G, NJP&L, AT&T, and I
contacted various companies and entities regarding employment,
including among others Microsoft, Google, Cisco, Intuit, State of
N.J., the N.J. Dept. of Manpower and Workforce Development, U.S.
Dept. of Commerce, NASA, NOAA, and other entities.  I made
inquiries about employment by phone, email, postal mail, and blog
boards to nearly 300 sites.  I estimate that I registered on at
least 125 sites/ads and sent out hundreds of responses to pursue
employment opportunities.  On average, I spent at least three

-3-

full days and two evenings per week actively searching for employment.  I estimate that I applied for and/or inquired about as many as 275 positions in my field, and 75  possible opportunities in related fields, including the Census 2010 project and other opportunities.  Since the termination of my employment, I had four face-to-face interviews and about 10-15 phone interviews, but never received a job offer.  Therefore, I have been unemployed since the termination of my employment.

13.  From the date of my termination (late April 2007) through the end of May 2010, I suffered damages in the form of lost wages as follows:

|  |  |
|---|---|
| May 2007-December 2007 (8 months): | $86,666.64 |
| 2008: | $130,000 |
| 2009: | $130,000 |
| 2010 (five months to May 31, 2010) | $54,166.67 |

14.  The total of these amounts is $400,833.31. Accordingly, as part of the Default Judgment, I seek the amount of $400,833.31 representing lost wages from the date my employment was terminated through the end of May 2010.

15.  I am 66 years old.  As of the date of this affidavit, I plan to work at least another five years.  Thus, as part of the Default Judgment, I seek the amount of $650,000 representing five years' of lost front pay for a five year period.

-4-

16. During my employment with Defendants, I received certain benefits, including among other items, health insurance, which I estimate had a value of about $1,000 per month. From the termination of my employment through May 2010, I estimate the lost benefits to have a value of about $31,000. An additional five years' of such benefits would have a value of about $60,000. Thus, I seek the amount of $91,000 representing lost benefits.

17. I have suffered at least $5,000 in damages based on Defendants' unlawful conversion of my personal property. Upon information and belief, Mr. Girimonti personally converted my property.

18. The total of the damages listed above is $1,495,800.60.

19. I have suffered substantial emotional distress and request an award for such damages in an amount equal to the award of actual damages. The unlawful conduct caused me to suffer substantial pain, suffering and stress. I was forced to work in a hostile work environment. I was unable to resign from that position for financial and medical reasons. Specifically, I needed funds to pay basic living expenses and I needed health insurance coverage for my diabetes and personal physical injuries suffered when I was hit by an automobile in 2005. I also request an award of punitive damages in an amount equal to the award of actual damages.

20.   I request an award of damages and a judgment against
Defendant Girimonti, in the liquidated amount of $4,487.401.80,
as well as all additional applicable statutory damages and other
relief.   It is my understanding that such additional applicable
damages and other relief are described in Plaintiff's Proposed
Findings Of Fact And Conclusions Of Law, dated June 2, 2010, and
I refer the Court to same.

21.   My attorneys will be submitting a separate request for
an award of attorneys' fees and costs in this matter.

_____
                    Richard Press

Sworn to before me this
2nd day of June, 2010

_____
Notary Public

KENNETH A. GOLDBERG
Notary Public, State of New York
No: 02GO5061677
Qualified in New York County
Commission Expires June 10, 1998
         July 27, 2010

-6-

# EXHIBIT A



**Octoberer 29, 2006**

**To Whom It May Concern:**

**Richard Press has been employed as the Branch CIO and a Senior Mortgage and Financial Services Consultant by us for approximately three years and has performed with excellence throughout.**

**He earns an average of $130,000.00 and in addition to his sales activity, he designed, built, and administers our large, complex IT system. We have an uptime percentage of approximately 99.5% over the past three years with the system under his control.**

**His continuance of employment is excellent. His attendance record is also worthy of commendation.**

**Thanks for taking care of Richard, and thank you for your courtesies.**

**Sincerely,**

**Daron Girimonti**
**General Manager**

---

25 Melville Park Road, Melville, NY 11747
6 East 32nd St. · 4th Floor · New York, NY 10016 · T. 866-993-3863 x-101 · F. 212-504-3025


PLAINTIFF'S EXHIBIT