Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

RICHARD PRESS,                          :    **1:08-CV-09497-KTD-GWG**

                Plaintiff,     :

        vs.                     :

CONCORD MORTGAGE CORP., GLOBAL          :
HOME LOANS & FINANCE, INC.,
LEXCAP FUNDING CORP., SAFE HARBOR:
CAPITAL FUNDING, GLOBAL/GIRIMONTI
LLC, AND DARON GIRIMONTI,               :

                Defendants.    :
- - - - - - - - - - - - - - - - - x


**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE</u>**

**<u>JUDGMENT TO PROVIDE FOR PREJUDGMENT INTEREST</u>**

**TABLE OF CONTENTS**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . -1-

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

POINT ONE.. . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

THE MOTION IS TIMELY UNDER FED. R. CIV. P. 59(e). . . . . . . . -2-

POINT TWO.. . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

PREJUDGMENT INTEREST RATE.. . . . . . . . . . . . . . . . . . . -2-

POINT THREE.. . . . . . . . . . . . . . . . . . . . . . . . . . -3-

PREJUDGMENT INTEREST AS AGAINST CORPORATE DEFENDANTS. . . . . . -3-

POINT FOUR. . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

PREJUDGMENT INTEREST AS AGAINST DEFENDANT GIRIMONTI.. . . . . . -5-

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

**INTRODUCTION**

Plaintiff respectfully submits this Memorandum of Law in Support of Plaintiff's Motion to Amend the Judgment to Provide for Prejudgment Interest.

**BACKGROUND**

By the Court's Order dated August 5, 2010 ("Order")(Docket No. 50), Plaintiff was awarded a default judgment against Defendants Concord Mortgage Corp., Global Home Loans & Finance Inc., LexCap Funding Corp., Safe Harbor Capital Funding, Global/Girimonti LLC ("Corporate Defendants") and Daron Girimonti ("Girimonti"). The Order awarded damages and directed Plaintiff "to submit his calculation of interest using a federal compound interest rate [ . . . ] to be added to the judgment awarded [ . . . . ]"  Order at 16.

The judgment, order and decree entered in this matter on August 30, 2010 (the "Judgment")(Docket No. 51) also ordered Plaintiff to submit his calculation of prejudgment interest.

By this motion, Plaintiff moves the Court under Fed. R. Civ. P 59(e) to amend the Judgment to provide for the award of prejudgment interest and submits his calculation of prejudgment interest in accordance with the Order and Judgment, and for such other relief as the Court may deem just and proper.

## POINT ONE

## THE MOTION IS TIMELY UNDER FED. R. CIV. P. 59(e)

Rule 59(e) Federal Rules of Civil Procedure allows a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Judgment was entered on August 30, 2010. (Docket No. 51). This motion has been filed no later than 28 days thereafter. Therefore, this motion is timely.

## POINT TWO

## PREJUDGMENT INTEREST RATE

The Order awarded prejudgment interest on the award to Plaintiff of damages for back wages (including pre-termination unpaid wages and post-termination lost wages) and liquidated damages. (Order at 16). The Order directed Plaintiff "to submit his calculation of [prejudgment] interest using a federal compound interest rate [ . . . ] to be added to the judgment awarded [ . . . . ]" Id. The Judgment also ordered Plaintiff to submit his calculation of prejudgment interest.

The federal interest rate applied by Plaintiff to the award of back wages and liquidated damages is "based on the average rate of return on one-year Treasury bills for the relevant time period between the time the claim arises until the entry of judgment pursuant to 28 U.S.C. § 1961(a)." Thomas v iStar Fin., Inc., 508 F.Supp. 2d 252, 264 (S.D.N.Y. 2007) (Marrero, J.)(calculating prejudgment interest on award of backpay damages).

-2-

The applicable average annual interest rate on one-year Treasury bills for each period to which prejudgment interest applies is set forth at ¶¶ 5-6 of the Affirmation of Kenneth A. Goldberg, Esq. in support of Plaintiff's motion ("Goldberg Aff."). Such applicable average annual interest rate is based on the information provided in Federal Reserve Statistical Release HR15 for the applicable periods. (Goldberg Aff. ¶¶ 5-6).

**POINT THREE**

**PREJUDGMENT INTEREST AS AGAINST CORPORATE DEFENDANTS**

The Court ordered Plaintiff to submit a calculation of prejudgment interest on the Court's award of damages of $1,359,951.22 as against Corporate Defendants, representing damages of $348,967.33 for pre-termination unpaid wages, $303,333.28 for post-termination lost wages, and $652,300.61 in liquidated damages. (Order at 15).

**A.   Interest On Pre-Termination Unpaid Wages**

The award to Plaintiff of damages for pre-termination unpaid wages in the aggregate amount of $348,967.33 as against Corporate Defendants is comprised of damages for unpaid wages in the amount of $105,500.00 for 2004, $99,484.00 for 2005, $108,650.00 for 2006 and $35,333.33 for the period January-April 2007. Applying annual compound interest to each such amount at the applicable interest rate for each period to the date of entry of Judgment, the prejudgment interest on the award to Plaintiff of damages of $348,967.33 for pre-termination unpaid wages as against Corporate Defendants is $45,491.13. (Goldberg Aff. ¶¶ 9-12 and Exhibit B).

B.  **Interest On Post-Termination Lost Wages**

The award to Plaintiff of damages for post-termination lost wages as against Corporate Defendants in the aggregate amount of $303,333.28 is comprised of damages for lost wages in the amount of $86,666.64 for the period May 2007 through December 2007, $130,000.00 for the year 2008 and $86,666.64 for the period January through August 31, 2009.  Applying annual compound interest to each such amount at the applicable interest rate for each period to the date of entry of Judgment, the prejudgment interest on $303,333.28 of damages for post-termination lost wages is $6,067.11.  (Goldberg Aff. ¶¶ 13-16 and Exhibit A and Exhibit C).

C.  **Interest On Liquidated Damages**

The award to Plaintiff of liquidated damages in the amount of $652,300.61 as against Corporate Defendants equals the above amount of damages for pre-termination unpaid wages ($303,333.28) <u>plus</u> the above amount of damages for post-termination lost wages ($348,967.33), as was previously calculated by the Court.  (Order at 15).  Prejudgment interest on liquidated damages is $51,558.24, equal to the sum of (i) the amount of prejudgment interest on damages for pre-termination unpaid wages ($45,491.13), and (ii) the amount of prejudgment interest on damages for post-termination lost wages ($6,067.11), as was previously calculated with respect to the prejudgment interest on damages for pre-termination unpaid wages and post-termination

-4-

lost wages as against Corporate Defendants. (Goldberg Aff. ¶¶ 17-19, Exhibits B and C).

**D.    Total Interest Sought Against Corporate Defendants**

The Court should award Plaintiff prejudgment against Corporate Defendants in the total amount of $103,116.48.

## POINT FOUR

### PREJUDGMENT INTEREST AS AGAINST DEFENDANT GIRIMONTI

The Court ordered Plaintiff to submit a calculation of prejudgment interest on the Court's award of damages of $1,554,951.28 as against Defendant Girimonti, representing damages of $348,967.33 for pre-termination unpaid wages, $400,833.31 for post-termination lost wages, and $749,800.64 in liquidated damages. (Order at 6-7, 15).

**A.    Interest On Pre-Termination Unpaid Wages**

The prejudgment interest on damages of $348,967.33 for pre-termination unpaid wages awarded to Plaintiff as against Defendant Girimonti is $45,491.13. This is calculated in the same manner as the prejudgment interest on damages of $348,967.33 for pre-termination unpaid wages awarded to Plaintiff as against Corporate Defendants. (Goldberg Aff. ¶¶ 22-24, Exhibit B).

**B.    Interest On Post-Termination Lost Wages**

The award to Plaintiff of damages for post-termination lost wages as against Defendant Girimonti in the aggregate amount of $400,833.31 is comprised of damages for lost wages in the amount of $86,666.64 for the period May 2007 through December 2007, $130,000.00 for the year 2008, $130,000.00 for the year 2009 and

$54,166.67 for the period beginning January 1, 2010 and ending May 31, 2010.  Applying annual compound interest for each such amount at the applicable interest rate for each period to the date of entry of Judgment, the prejudgment interest on $400,833.31 of damages for post-termination lost wages is $6,332.60 (Goldberg Aff. ¶¶ 25-28, Exhibits D and E).

**C.    Interest On Liquidated Damages**

The award to Plaintiff of liquidated damages in the amount of $749,800.64 as against Defendant Girimonti equals the above amount of damages for pre-termination unpaid wages ($348,967.33) plus the above amount of damages for post-termination lost wages ($400,833.31), as was previously calculated by the Court.  (Order at 15).  Prejudgment interest on liquidated damages is $51,823.73, equal to the sum of (i) the amount of prejudgment interest on damages for pre-termination unpaid wages ($45,491.13) and (ii) the amount of prejudgment interest on damages for post-termination lost wages ($6,332.60), as was previously calculated with respect to the prejudgment interest on damages for pre-termination unpaid wages and post-termination lost wages as against Defendant Girimonti.  (Goldberg Aff. ¶¶ 29-31 and Exhibits B and E).

**D.    Total Interest Sought Against Defendant Girimonti**

The Court should award Plaintiff prejudgment against Defendant Girimonti in the total amount of $103,647.46.

**CONCLUSION**

For all of the above reasons, the Court should grant Plaintiff's motion and award Plaintiff prejudgment interest in the amounts set forth above, amend the Judgment to reflect the award to Plaintiff of such prejudgment interest, and grant other relief as the Court may deem just and proper.

Dated:   September 24, 2010
         New York, New York

                              GOLDBERG & FLIEGEL LLP

                         By:  /s/ Kenneth A. Goldberg
                              Kenneth A. Goldberg(KG0295)
                              Goldberg & Fliegel LLP
                              60 East 42nd Street, Suite 3421
                              New York, NY 10165
                              (212) 983-1077

                              Attorneys for Plaintiff